IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LYNN WATERS, | No. 2:12-CV-2160-GEB-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| OFFICE OF THE CLERK OF COURT, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, has filed a motion seeking a preliminary injunction. No other pleadings have been filed by the plaintiff. Plaintiff seeks a court order enjoining an unknown Clerk of Court at the Sacramento County Superior Court from requiring he provide his social security number under fear that the Clerk will use it improperly.

A review of plaintiff's prior cases filed in this court[1] has shown that plaintiff has been instructed several times that in order to commence an action, plaintiff must file a compliant as required by Rule 3 of the Federal Rules of Civil Procedure, and must either pay the required

---

[1] A court may take judicial notice of its own records. See Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967).

1  filing fee or file an application requesting leave to proceed in forma pauperis.² A such, plaintiff
2  cannot proceed in this action based on the pleadings filed.
3  However, upon preliminary review of plaintiff's motion for preliminary
4  injunction, the court concludes that what plaintiff seeks is a writ of mandamus.  Under 28 U.S.C.
5  § 1651(a), all federal courts may issue writs "in aid of their respective jurisdictions . . . ."  In
6  addition, the district court has original jurisdiction under 28 U.S.C. § 1361 to issue writs of
7  mandamus.  That jurisdiction is limited, however, to writs of mandamus to "compel an officer or
8  employee of the United States or any agency thereof to perform a duty . . . ." 28 U.S.C. § 1361
9  (emphasis added).  It is also well-established that, with very few exceptions specifically outlined
10 by Congress, the federal court cannot issue a writ of mandamus commanding action by a state or
11 its agencies.  See e.g. Demos v. U.S. Dist. Court for Eastern Dist. of Wash., 925 F.2d 1160 (9th
12 Cir. 1991).  Where the federal court does have jurisdiction to consider a petition for a writ of
13 mandamus, such a writ may not issue unless it is to enforce an established right by compelling
14 the performance of a corresponding non-discretionary ministerial act.  See Finley v. Chandler,
15 377 F.2d 548 (9th Cir. 1967).
16 Plaintiff is requesting this court to issue an order commanding a California State
17 employee to act, or not act, in a certain manner.  Such a request is outside this court's power.
18 The individual plaintiff contends is attempting to obtain his social security number is not an
19 employee of the United States, but of California.  This court does not, therefore, have power to
20 command this individual's actions.
21 Based on the foregoing, the undersigned recommends that plaintiff's motion for a
22 writ of mandamus (Doc. 1) be denied, and this action be dismissed.
23 / / /

---

² It also appears that plaintiff is likely ineligible to proceed in forma pauperis in this action because he has filed, on three or more prior occasions, actions which have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim.  See 28 U.S.C. § 1915(g).

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
3  after being served with these findings and recommendations, any party may file written
4  objections with the court.  Responses to objections shall be filed within 14 days after service of
5  objections.  Failure to file objections within the specified time may waive the right to appeal.
6  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  October 10, 2012

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE